IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA | : CIVIL ACTION |
| v. | : NO. 18-477 |
| METRO KITCHEN BAR, INC., *et al* | : |

## CONSENT JUDGMENT

**AND NOW**, this 8th day of February 2018, upon considering the Secretary of Labor's Complaint (ECF Doc. No. 1), the parties' proposed Consent Judgment (ECF Doc. No. 2-1) with signatures of all counsel and reviewing the Secretary's allegations Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq* ("the Act"), and finding Defendant Employers appeared through counsel to waive formal service of process, waive defenses and otherwise agree to the entry of this Consent Judgment without contest as evidenced by the attached signatures of counsel, it is **ORDERED** Defendants Metro Kitchen Bar, Inc. d/b/a Drake Tavern and Zachary Hulayev, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest as Employers:

1.   Are permanently enjoined and restrained from violating Sections 6, 7, 11(c) and 15 of the Act, including:

a. Paying wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act to employees including, but not limited to, employees working at Drake Tavern, 304 Old York Road, Jenkintown, PA, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, who in any workweek are engaged in

commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

b. Employing any of their present employees including, but not limited to, employees working at Drake Tavern, 304 Old York Road, Jenkintown, PA, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them:

c. Failing to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, employees working at Drake Tavern, 304 Old York Road, Jenkintown, PA, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued under Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516:

d. Taking retaliatory action, including discharge, against employees, whether or not directly employed by Defendants, because the employee engages in activities under Section 15(a)(3) of the Act:

i. Disclosing, or threatening to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there

is a business relationship, the employee reasonably believes violates the Act, or a rule or regulation promulgated under the Act;

      ii.    Providing information to, or testifying before, any public agency or entity conducting an investigation, hearing or inquiry into alleged violations of the Act, or a rule or regulation promulgated under the Act, by the Employers or another employer with whom there is a business relationship; or,

      iii.    Objecting to, or refusing to participate in any activity, policy or practice which the employee reasonable believes violates the Act, or a rule or regulation promulgated under the Act;

2.    Defendants are enjoined and restrained from withholding gross back wages in the sum total amount **$25,902.91**, and are jointly and severally liable for the payment of **$25,902.91** in liquidated damages due certain employees and former employees of Defendants identified in attached Schedule A;

3.    Defendants shall pay gross back wages and liquidated damages of **$51,805.82** for violations of the overtime and minimum wage provisions of the Act by Defendants alleged to have occurred beginning October 1, 2014 and ending November 20, 2016 ("relevant period") representing the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees identified on the attached Schedule A. It is further agreed the minimum wage, overtime compensation and liquidated damage payments by the Defendants in these amounts are in the nature of back wages and liquidated damages under the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share" including, but not limited to, FICA.

    a. The back wage and liquidated damages payments under this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary's designated representatives a payment check in the amount **$51,805.82** on or before **March 12, 2018**. The payment shall be in the form of a certified check, bank check, or money order payable to **"Wage and Hour Division – Labor,"** and mailed to:

**U.S. Department of Labor, Wage & Hour Division**
**The Curtis Center, Suite 850 West**
**170 South Independence Mall West**
**Philadelphia, PA 19106-3317**

The check or money order shall bear the following reference: **Case ID# 1802453**. Defendants may pay online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov.

    b. The Secretary, through the Wage and Hour Division, shall distribute the back wages (Less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as identified in Schedule A which shows, for each individual, the gross back pay due (subject to applicable legal deductions), and liquidated damages. Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States under 29 U.S.C. § 216(c).

    c. To the best of their ability and based upon information it currently has in its possession, Defendants shall provide the Secretary the social security number and last known

4

address of each employee or former employee due money under this Consent Judgment a the time of the initial lump sum payment.

    d.  This Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall this Consent Judgment affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

    4.  In addition to the back wage and liquidated damages payments and to resolve the civil money penalty assessed for violations of 29 U.S.C. § 207 under Section 16(e)(2) of the Act, Defendants agree the civil money penalty currently due and payable is **$13,838**, they are jointly and severally liable for this amount, such assessment has become the final order of the Secretary of the Department of Labor, and they waive any and all rights to appeal or contest such assessment. As such, Defendants shall pay a civil money penalty by certified check or money order in the amount of **$13,838** under Section 16 of the Act no later than **March 12, 2018** payable to "Wage and Hour Division, U.S. Department of Labor" with payment mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323 or paid online by ACH transfer, credit card, or debit card at https://www.pay.gov/public/form/start/77734139 or www.pay.gov.

    5.  Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of the sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate on or before **February 8, 2021**, the Secretary

5

shall deposit the unclaimed recovered wages with the United States Treasury under Section 16(c) of the Act.

6. The parties agree this Consent Judgment is deemed to solely cover Defendant's business and operations for the relevant period for all claims raised in the Complaint (ECF Doc. No. 1) as a result of the Secretary's investigation. The parties agree the filing of this action and this Consent Judgment shall not, in any way, affect, determine, or prejudice the rights of any person identified on Schedule A or the Secretary for any period after November 20, 2016, or person, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to these employees under Section 16(b) of the Act.

7. Defendants agree they are employers within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. By entering into this Consent Judgment, the Secretary does not waive his right to conduct future investigations of Defendants under the Act and to take appropriate enforcement action, including assessment of civil money penalties under Section 16(e) of the Act, with respect to violations disclosed by such investigations.

9. Each party is responsible for its or his own fees and other expenses incurred in connection with any stage of this proceeding including, but not limited to, attorney fees available under the Equal Access to Justice Act, as amended.

_____
**KEARNEY, J.**

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For Metro Kitchen Bar, Inc. d/b/a Drake Tavern and Zachary Hulayev

*/s/ Zachary Hulayev*

Zachary Hulayev
Individually, and as owner and manager of Metro Kitchen Bar, Inc. d/b/a Drake Tavern

*/s/ Peter Rosenzweig*

Peter Rosenzweig, Esq.
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103

Attorneys for Defendants Metro Kitchen Bar, Inc. d/b/a Drake Tavern and Zachary Hulayev

For the Secretary:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ John Nocito*

John Nocito
Trial Attorney
PA ID # 87973
U.S. Department of Labor
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5135
215-861-5162 (fax)
Nocito.John@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor

Schedule A

| Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Ait Seddik, Abdelhakim | $1,343.38 | $1,343.38 | $2,686.76 |
| Allen-Watson, Rayquine | $180.00 | $180.00 | $360.00 |
| Angelettie, Alexis | $58.54 | $58.54 | $117.08 |
| Arciniegas, Sebastian | $41.25 | $41.25 | $82.50 |
| Ben Shoshan, Maia | $52.27 | $52.27 | $104.54 |
| Bielawksi, Jenny Leigh | $99.97 | $99.97 | $199.94 |
| Bondarenco, Alexandra | $41.25 | $41.25 | $82.50 |
| Bshay, Emad | $91.00 | $91.00 | $182.00 |
| Carr, Polly | $70.28 | $70.28 | $140.56 |
| Currie, William | $47.32 | $47.32 | $94.64 |
| Desir, Charles | $3,062.50 | $3,062.50 | $6,125.00 |
| Feldman, Michelle | $35.46 | $35.46 | $70.92 |
| Gallicio, Nicholas | $776.75 | $776.75 | $1,553.50 |
| Goings, Larry | $1,925.00 | $1,925.00 | $3,850.00 |
| Green, Leroy | $97.75 | $97.75 | $195.50 |
| Grigorakakis, Konstantine | $2,807.38 | $2,807.38 | $5,614.76 |
| Hampton, Korey | $792.25 | $792.25 | $1,584.50 |
| Harris, Brandon | $105.00 | $105.00 | $210.00 |
| Hemphill, Emmitt | $775.00 | $775.00 | $1,550.00 |
| Hill, Clarence | $787.50 | $787.50 | $1,575.00 |
| Hill, Robert | $2,772.75 | $2,772.75 | $5,545.50 |
| Hunsiker, Skylar | $22.02 | $22.02 | $44.04 |
| Ide, Kristen | $28.27 | $28.27 | $56.54 |
| Johnson, Rowne | $1,575.00 | $1,575.00 | $3,150.00 |
| Jones, Gerald | $20.00 | $20.00 | $40.00 |
| Kennedy, Shannon | $62.92 | $62.92 | $125.84 |
| Koprucki, Katy Rose | $339.28 | $339.28 | $678.56 |
| Mastronardo, Joseph | $37.63 | $37.63 | $75.26 |
| McCaughey, Sean | $115.93 | $115.93 | $231.86 |
| McCloud, Robert | $53.75 | $53.75 | $107.50 |
| Mekhtoub, Ali | $164.03 | $164.03 | $328.06 |
| Moon, Jeremiah | $105.00 | $105.00 | $210.00 |
| Novratides, Vasileios | $2,371.00 | $2,371.00 | $4,742.00 |
| Reader, Casey | $54.74 | $54.74 | $109.48 |
| Rendon, Lana | $28.00 | $28.00 | $56.00 |
| Rice, Danielle | $177.62 | $177.62 | $355.24 |
| Royal, Johnny | $327.00 | $327.00 | $654.00 |
| Short, Holly | $188.20 | $188.20 | $376.40 |
| Stepaniuk, Iryna | $28.49 | $28.49 | $56.98 |

| | | | |
|---|---:|---:|---:|
| Stewart, Louis | $95.00 | $95.00 | $190.00 |
| Strictland, Richard | $568.75 | $568.75 | $1,137.50 |
| Thorpe, Kenyon | $126.00 | $126.00 | $252.00 |
| Tipson, Jessica | $352.06 | $352.06 | $704.12 |
| Tomes, Erin | $81.00 | $81.00 | $162.00 |
| Trunk, Josephine | $131.20 | $131.20 | $262.40 |
| Vincent, James | $20.00 | $20.00 | $40.00 |
| Vazquez, Ivan | $21.25 | $21.25 | $42.50 |
| Wearing, Krizia | $41.22 | $41.22 | $82.44 |
| Williams, Mario | $1,606.50 | $1,606.50 | $3,213.00 |
| Wright, Allan | $1,198.45 | $1,198.45 | $2,396.90 |
| | $25,902.91 | $25,902.91 | $51,805.82 |